IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BILLY JOE BLEDSOE                                                                                                    PLAINTIFF

v.                              Civil No. 4:16-cv-04057

OFFICER BOBBIE McDOWEL, Southwest
Arkansas Community Correction Center;
And WARDEN STEPHEN ARNOLD                                                                           DEFENDANTS

## **ORDER**

Plaintiff Billy Joe Bledsoe proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.  Before me is Plaintiff's Motion to Appoint Counsel and Transfer Case.  ECF No.24.

First, Plaintiff's Motion seeks to add the home address of his mother in Cabot, Arkansas, to the Court's file in order for copies of Plaintiff's mail to be sent to the Cabot address.  The Court will only send mail relating to Plaintiff's case to his address of record which to date is the ADC – Barbara Ester Unit, 7500 Corrections Circle, Pine Bluff, AR 721603.  Once Plaintiff is no longer incarcerated he can notify the Court of his change of address.

Next, Plaintiff's Motion asks the Court to "transfer court cases to Little Rock, Arkansas Fed, U.S. Court Rooms for travel reason's consideration.  Cabot is 25 miles from Little Rock and 230 miles from Texarkana".  ECF No. 24.  In cases such as this one, venue is proper in the judicial district where the defendants reside or a substantial part of the events or omissions giving rise to the claim occurred.  *See* 28 U.S.C. § 1391(b).  Here, Plaintiff's claims center around events which occurred at the Southwest Arkansas Community Correction Center located in Texarkana, Arkansas.  In addition, all Defendants reside in the Western District of Arkansas.  As a result, Plaintiff's request to transfer this case to the Eastern District of Arkansas is denied.

Third, Plaintiff requests "legal help". The Court construes this as a motion to appoint counsel. Plaintiff's request for counsel should be denied. A civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action but the Court may appoint counsel at its discretion. 28 U.S.C. 1915 (e) (1). The Court has considered the need for an attorney, the likelihood that Plaintiff will benefit from assistance of counsel, the factual and legal complexity of the case, and whether Plaintiff has the ability to present his case. Plaintiff has not shown the factual and legal issues presented here are so complex he cannot represent himself in this matter. The Court finds Plaintiff is capable of prosecuting his claims without appointed counsel. At a later stage in this litigation Plaintiff may again request counsel.

Finally, Plaintiff indicates he needs "info about how to give my list of staff & inmates involved in case". In the event this case proceeds and a trial date is set, Plaintiff and Defendants will be given a deadline to submit their witness lists for trial.

For the reasons stated, Plaintiff's Motion to Appoint Counsel and Transfer Case (ECF No. 24) is **DENIED.**

**IT IS SO ORDERED this 10th day of November 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE