IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BILLY JOE BLEDSOE                                                                                          PLAINTIFF

v.                                          Case No. 4:16-cv-4057

OFFICER BOBBIE MCDOWEL
and WARDEN STEPHEN ARNOLD                                                                  DEFENDANTS

## MEMORANDUM OPINION

Before the Court is the Report and Recommendation filed February 9, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 44). Defendants Bobbie McDowell and Stephen Arnold have filed objections. (ECF No. 46). The Court finds the matter ripe for consideration.

### I. BACKGROUND

Plaintiff filed this action under 42 U.S.C. § 1983 in connection with time spent incarcerated in the Arkansas Department of Community Correction's ("ACC") Southwest Arkansas Community Correction Center ("SWACCC") facility. Plaintiff asserts claims involving excessive force; sexual abuse; razor blades in his food tray; destruction of his mail, photos, and grievances; and that he was prevented from filing grievances after he filed a Prison Rape Elimination Act ("PREA") complaint.

Plaintiff was incarcerated in SWACCC at all times relevant to this matter.[1]  Among other things, Plaintiff alleges that on April 4, 2016, Defendant McDowell escorted him to a mental

---

[1] The record indicates that Plaintiff is currently incarcerated in the Arkansas Department of Correction – Randall L. Williams Correctional Facility in Pine Bluff, Arkansas.

health appointment. While he was handcuffed, Plaintiff alleges that McDowell fondled his genitals, causing him injury.

On May 1, 2016, Plaintiff informed a SWACCC staff member of the alleged sexual abuse. Plaintiff was taken to a phone and allowed to call the PREA hotline. On May 2, 2016, Plaintiff provided a written statement to SWACCC officials, describing the alleged sexual abuse. SWACCC conducted an investigation, ultimately concluding that Plaintiff's allegation of sexual abuse could not be substantiated.

On June 30, 2016, Plaintiff filed this lawsuit. On December 9, 2016, Defendants filed a Motion for Summary Judgment on Exhaustion, arguing that Plaintiff's claims should be dismissed for failure to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"). Judge Bryant issued a Report and Recommendation, recommending that the motion be denied because Plaintiff's PREA complaint substituted in place of a formal written grievance—thus exhausting Plaintiff's administrative remedies—and because genuine issues of material fact existed as to whether Defendants prevented Plaintiff from filing grievances after he filed the PREA complaint. On February 22, 2017, Defendants filed objections to the Report and Recommendation, specifically objecting to the recommendations "(1) that the . . . grievance policy relieves [Plaintiff's] obligation to comply with that policy; (2) that [Plaintiff's] PREA complaint may substitute as a grievance under the . . . grievance policy; and (3) that [Plaintiff] has shown a genuine dispute of fact concerning whether he filed grievances or whether the . . . Defendants prevented him from filing them." (ECF No. 46). According to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Defendants' specific objections.

## II. STANDARD

The standard for summary judgment is well established. When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256.

### III.  DISCUSSION

As an initial matter, the Court must examine the ACC's grievance policy.  The Court will determine whether Plaintiff exhausted his administrative remedies, and if not, whether an exception applies to excuse the failure to exhaust.

**A. Grievance Process**

First, the Court must determine whether Plaintiff exhausted his administrative remedies under ACC's grievance process.[2]

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).  In *Jones v. Bock*, the Supreme Court concluded that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules."  599 U.S. 199, 218 (2007) (internal quotation marks omitted); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly*.").  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 599 U.S. at 218.  A prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).

---

[2] ACC's grievance procedure is outlined in the Resident Handbook given to all new SWACCC residents.  The record shows that Plaintiff received a copy of the Resident Handbook when he was transferred to SWACCC on November 20, 2015.  (ECF No. 42-5).

Judge Bryant stated that the record indicated that Plaintiff filed a PREA complaint and submitted a written statement. Judge Bryant was not persuaded by Defendants' argument that a PREA complaint does not substitute as a "grievance," stating that this argument conflicts with the plain language of ACC's grievance policy. Defendants object to this recommendation, arguing that Judge Bryant has misconstrued the grievance process, which Defendants state requires prisoners to undergo a separate two-step administrative grievance procedure that does not include filing a PREA complaint.

ACC's grievance process involves two steps. The first step consists of two parts—submitting an informal complaint and a formal written grievance. A prisoner must first attempt to informally resolve issues by either submitting a "Complaint Form for Residents" or by discussing the matter with an appropriate staff member.[3] (ECF No. 30-2). If the problem is not resolved after this informal complaint, the prisoner must then submit a formal written grievance on a "Grievance Form for Residents" to SWACCC's grievance officer.[4] Submission of the formal written grievance completes step one of the grievance process.

If the prisoner is unsatisfied with the response to his formal written grievance, he may proceed to step two of the process by submitting a "Resident Appeal Form." The prisoner's appeal will be ruled on within thirty days, at which point the prisoner has exhausted his administrative remedies under the grievance policy.

---

[3] The grievance policy provides that if a prisoner alleges sexual abuse, he is not required to complete the "informal complaint" part of step one. In the present case, Plaintiff alleges sexual abuse, and thus he is not required to have made an informal complaint in order to exhaust his administrative remedies.

[4] This formal written grievance must ordinarily be submitted within five days of the complained-of occurrence, but ACC's grievance policy states that there is no time limit for filing a grievance about sexual abuse.

The Resident Handbook given to all SWACCC inmates contains a separate section discussing the PREA. This section lists the number for the Rape Crisis Hotline and provides instructions on what steps to take if the inmate is the victim of a sexual act.

The record shows that Plaintiff did not submit a grievance as outlined in ACC's grievance procedure that is potentially related to his claims in this lawsuit. Plaintiff claims that he filed multiple grievances while in ACC custody, but the record indicates that he filed only one grievance, which he properly filed on March 1, 2016, over a month before the alleged sexual abuse occurred. The record shows that Plaintiff exhausted his administrative remedies with respect to the March 1, 2016 grievance, in which Plaintiff complained about the lack of a shower in the suicide-watch cell he was being held in. The record does not show that Plaintiff filed any other grievances.

The Court finds that Plaintiff's PREA complaint cannot substitute in place of a properly filed grievance as outlined in ACC's grievance procedure. Defendants' summary-judgment brief argues that Plaintiff did not timely submit a formal written grievance within five days of the alleged sexual abuse, to which Judge Bryant correctly pointed out that under the ACC grievance policy, there is no time limit for submitting a formal written grievance alleging sexual abuse. However, the ACC grievance policy does not state that prisoners alleging sexual abuse are relieved of undergoing the ACC grievance process altogether. Allegations of sexual abuse only relieve prisoners of having to make an initial, informal complaint under the grievance process.

The ACC grievance policy features an entire subsection relating to formal grievances and alleged sexual abuse. This policy also indicates that responses to formal grievances alleging sexual abuse may be appealed, suggesting that prisoners must still fully exhaust their administrative remedies with respect to those grievances. The policy instructs staff members

6

who process grievances of sexual abuse to "ensure compliance with other applicable guidelines to include . . . 'Prison Rape Elimination Act (PREA)' policies." (ECF No. 30-2). The Court's reading of the ACC grievance policy is that it and the PREA are separate, independent policies, and thus filing a complaint/grievance under one does not automatically complete the other. In fact, the ACC grievance policy is explicit that a formal written grievance must be made on a "Grievance Form for Residents." Nothing in the record indicates that Plaintiff's PREA complaint or the subsequent written account of the incident was made on this specific form.

Bearing in mind that ACC sets the requirements of properly exhausting administrative remedies, the Court finds that Plaintiff did not exhaust his administrative remedies. Because he alleged sexual abuse, he was not required to make an informal complaint—although it is possible that he nonetheless completed this step when he asked to make a PREA complaint and informed SWACCC staff members of the allegations. However, Plaintiff was still required to complete the remainder of the ACC grievance process, and he never submitted a formal written grievance regarding the allegations of sexual abuse—or any other claim made in in this lawsuit—on the designated "Grievance Form for Residents." Therefore, Plaintiff did not exhaust his administrative remedies pursuant to the ACC grievance process.

### B. Prevented from Filing Grievances

The Court must now determine whether Plaintiff's failure to exhaust his administrative remedies may be excused.

The Eighth Circuit has recognized two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures; or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005).

Judge Bryant recommended that a genuine issue of disputed fact existed as to whether Defendants prevented Plaintiff from filing grievances and whether Defendants themselves complied with the grievance procedure. Judge Bryant based this recommendation on Plaintiff's assertions in his Complaint and in his supplemental response to the summary judgment motion that Defendants destroyed or otherwise prevented him from filing grievances after he made his PREA complaint.

Defendants object to this recommendation, arguing that Plaintiff has produced no evidence in support of his claim that he was prevented from filing grievances. Defendants argue that Plaintiff must rely on more than unsubstantiated allegations in his Complaint, and that, in order to survive summary judgment, Plaintiff must meet proof with proof. Defendants argue that Plaintiff has not met this burden.

Federal Rules of Civil Procedure 56(c) provides that a party must generally support its opposition to summary judgment by "citing to particular parts of materials in the record." The pleadings of a *pro se* plaintiff are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, Plaintiff must nonetheless present evidence to defeat Defendants' summary judgment motion. *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999) ("Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists."). To this end, 28 U.S.C. § 1746 provides that an unsworn declaration may serve as an alternative to a formally attested affidavit if it is written, signed, dated, and states "under penalty of perjury" that the information within is true and correct. *Banks v. Deere*, 829 F.3d 661, 668 (8th Cir. 2016).

Plaintiff's supplementary response to the summary judgment motion (ECF No. 38) is written, signed, dated, and contains language stating under penalty of perjury that the information within is true and correct. Thus, the Court finds that Plaintiff's supplementary response is a valid unsworn declaration that may be considered as evidence for summary judgment purposes. However, the Court finds that Plaintiff does not state in his supplementary response that Defendants prevented him from filing grievances. In response to question 11 of the supplementary response, which asked if he filed a grievance related to his allegation of sexual abuse, Plaintiff states that he thought he had filled out requests and complaints, but that "they could and did just throw them away." (ECF No. 38). The Court finds that this statement is insufficient because it does not state that he attempted to file formal written grievances which were thrown away by SWACCC staff, but instead states that he filled out requests and complaints, which he alleges were thrown away. Moreover, Plaintiff's response to question 13, which asks if he filed a grievance related to the other allegations in this case, states only that he filed a complaint related to the other allegations. He does not state that he filed or attempted to file a formal written grievance.[5]

As discussed in the previous section, an informal complaint is different from a formal written grievance under ACC's grievance process. Plaintiff's response to question 13 shows that he is aware of the distinction between a complaint and a grievance, as he states that a complaint is the first step of the grievance process. Additionally, Plaintiff successfully exhausted his administrative remedies with respect to a previous, unrelated grievance, showing that he understands ACC's grievance process and its various steps.

---

[5] In addition, because Plaintiff's other allegations in this action do not involve sexual abuse, the ACC grievance policy requires him to have filed his formal written grievance within five days of each complained-of occurrence.

Plaintiff's only other reference to him being prevented from filing grievances is found in his Complaint.[6] This is insufficient to overcome Defendants' summary judgment motion. *See Thomas v. Hungerford*, 23 F.3d 1450, 1454 (8th Cir. 1994) ("A plaintiff opposing a properly supported summary judgment motion may not rest upon the allegations in his complaint."). Plaintiff is required to present specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists, and Plaintiff has not done this. Therefore, the Court finds that Plaintiff has not offered evidence to create a genuine dispute of material fact as to whether the Eighth Circuit-recognized exceptions to the PLRA's exhaustion requirement apply in this case.

The Court does not easily arrive at this conclusion. Plaintiff's allegations, particularly those regarding sexual abuse of an inmate by a guard, are very troubling, and the Court would rather see the claims decided on the merits rather than dismissed on a procedural technicality. However, the law is clear that Plaintiff must have first exhausted his administrative remedies under ACC's grievance procedure before he can bring a § 1983 action. Plaintiff has presented no evidence that he has done so. Plaintiff has also not provided any evidence, other than unsubstantiated allegations in his pleadings, that Defendants prevented him from filing grievances after he made his PREA complaint. Therefore, the Court must grant summary judgment on Plaintiff's claims.

### IV. CONCLUSION

For the reasons stated above, the Court declines to adopt the Report and

---

[6] Plaintiff arguably also makes this allegation in his first response to the summary judgment motion (ECF No. 36), in which he states that he was locked in a suicide-watch cell and "not given any paperwork complaints forms/grievances." He states further that the SWACCC staff must do their jobs if those papers are to be finished properly. However, even if the Court were to construe this as Plaintiff making a claim of being prevented from filing grievances, the filing is not evidence with which Plaintiff may defeat a summary judgment claim, as it is not an affidavit or unsworn declaration, and does not cite to other evidence within the record.

Recommendation. (ECF No. 44). Defendants' Motion for Summary Judgment on Exhaustion (ECF No. 30) is hereby **GRANTED**. Plaintiff's case is **DISMISSED WITH PREJUDICE**. A separate Judgment consistent with this Order will be entered.

**IT IS SO ORDERED**, this 21st day of March, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge